**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00602-KDB-MTO**

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CREATIVE TEES, ET AL.,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff NASCAR's Motion to Seal Documents and Motion for Leave to Serve Process Electronically (Doc. Nos. 4, 6). The Court has carefully considered these motions and Plaintiff's briefs and exhibits in support. For the reasons discussed below, the Court will **DENY** the motions.

In its Motion to Seal (Doc. No. 6), NASCAR seeks to temporarily seal the names of the Defendants and other filings in this action until it has had an opportunity to freeze/seize Defendants' assets and disable their online accounts. Although the Court has issued an *ex parte* TRO, the Court has declined to order that additional relief and, indeed, the TRO requires that NASCAR give notice of the TRO and Complaint to the Defendants. Therefore, NASCAR's request for sealing the record is no longer necessary or appropriate, and the Motion to Seal will be denied as moot.

NASCAR's Motion for Leave to Serve Process Electronically (Doc. No. 4) asks the Court to allow it to serve process and all other papers in this matter by electronic mail pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. That rule permits an individual in a foreign country

to be served "by other means not prohibited by international agreement, as the Court orders." Fed. R. Civ. Proc. 4(f)(3). On its face, this rule is inapplicable to this action because none of the Defendants is an individual. However, Rule 4(h)(2) allows service on a Corporation, Partnership, or Association outside any judicial district of the United States "in any manner prescribed by Rule 4(f)." Fed. R. Civ. Proc. 4(h)(2). So, the Court will interpret NASCAR's request as seeking leave under Rule 4(h).

Under the applicable rule, the Court must exercise its discretion to deny NASCAR's request. First, NASCAR has not cited to the Court any authority in this Court or its governing Circuit Court in support of its motion.[1] More fundamentally, NASCAR's motion is significantly undermined by its affidavit offered in support of its Motion for a TRO in which it represents to the Court that "Defendants have gone to great lengths to conceal their identities and often provide only an email address and telephone number as contact information, which are often found to be fake." Therefore, by its own evidence, the use of email addresses appears unlikely to be reasonably calculated to give notice. Consistent with its comments in the TRO order, the Court is not unmindful or unsympathetic to NASCAR's challenges in effectively combatting the online sale of counterfeit or infringing products. However, it cannot bend the rules of service to order a means of service that NASCAR itself says is unlikely to be successful in providing actual notice. Still, the order denying this motion will be entered without prejudice to a request by NASCAR for reconsideration based on additional information developed as the action proceeds.

[1] As this case moves forward, it would be helpful to the Court for NASCAR's counsel to cite to the Court cases from the Fourth Circuit Court of Appeals and its district courts rather than courts in or governing Atlanta, Georgia (for which the Court nevertheless has great respect).

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Seal (Doc. No. 6) is **DENIED as moot**;
2. The Clerk is directed to unseal all filings in this action; and
3. Plaintiff's Motion for Leave to Serve Process Electronically (Doc. No. 4) is **DENIED** without prejudice.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 17, 2026

Kenneth D. Bell
United States District Judge